# IN THE COURT OF APPEALS OF IOWA

No. 16-1341
Filed April 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY SHANAHAN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Appanoose County, Rose Anne Mefford, District Associate Judge.


        Timothy Shanahan appeals the sentence imposed following his guilty plea to second-degree fraudulent practice.  **AFFIRMED.**


        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

From September 2012 to August 2014, Timothy Shanahan was charged in six cases with numerous offenses, including two second-degree-fraudulent-practice charges. In February 2015, Shanahan entered into a plea agreement with the State, wherein he agreed to plead guilty to one of the second-degree-fraudulent-practice charges and to pay restitution in all six cases in exchange for the dismissal of the remaining five cases. *See State v. Shanahan*, No. 15-0936, 2016 WL 1703342, at *1 (Iowa Ct. App. Apr. 27, 2016). The agreement included an indeterminate five-year prison sentence, not suspended, and payment of associated costs. The court accepted Shanahan's guilty plea and ultimately sentenced him to a term of incarceration not to exceed five years pursuant to the plea agreement, as well as ordering that he make restitution as agreed. *See id.*

Shanahan then appealed, arguing, among other things, that the district court considered impermissible factors in determining his sentence. *See id.* Specifically, he maintained the court impermissibly considered his dismissed charges in fashioning his sentence. *See id.* A majority of the reviewing panel of this court agreed and remanded the case back to the district court for resentencing. *See id.*

After the remand, Shanahan filed a motion in district court seeking recusal of the presiding judge—the same judge that had entered his prior sentence. He believed "it would be fundamentally unfair" if the same judge sentenced him, based upon the outcome of his appeal. The State resisted, arguing there was no evidence the court was prejudiced, particularly in light of the fact that the plea agreement made by Shanahan included a prison sentence. The court denied

Shanahan's motion, stating: "The court does recall that the court followed the plea agreement that [Shanahan] had reached in the matter when I sentenced him previously. That's about all I recall from that, and the court has no bias against [Shanahan], has not predisposed what I will do today."

The court proceeded to resentencing. The State requested the court follow the parties' plea agreement, including that Shanahan be sentenced to an indeterminate term not to exceed five years. Shanahan requested the sentencing recommendation of the Eighth Judicial District Department of Corrections be followed, which recommended that all but thirty days of Shanahan's sentence be suspended and that Shanahan be placed on probation. The court then sentenced Shanahan to a term not to exceed five years and to pay the related costs and restitution. The court explained its "judgment relative to sentence [was] based on that which would provide maximum opportunity for [Shanahan's] rehabilitation and at the same time protect the community from further offenses by [him] and others." The court further stated:

> I have selected this particular sentence for you after considering your age, your prior criminal record, your employment, family circumstances, nature of the offense committed and harm to the victim, whether a weapon or force was used in the commission of the offense, and your need for rehabilitation and potential for rehabilitation, and the necessity of protecting the community from further offenses by you and others; further, the plea agreement that was reached in this matter.

The court then asked Shanahan if this was what he "expected to happen today," to which Shanahan replied, "Yes, Your Honor."

Shanahan now appeals. He argues the district court erred in not granting his motion for recusal. He also contends that the court failed to provide adequate

reasons for imposing the maximum sentence allowed and that a five-year prison sentence was "substantively unreasonable in this case." We address his arguments in turn.

**Motion for Recusal.** "Iowa's Code of Judicial Conduct provides that '[a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.'" *State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005) (quoting Iowa Code of Judicial Conduct canon 3(C)(1)). A "judge's impartiality might be questioned where the judge 'has a personal bias or prejudice concerning a party.'" *Id.* (citation omitted). But mere allegations are insufficient; actual prejudice must be shown by the party seeking recusal before a recusal is necessary. *Id.* (citation omitted). "Judicial predilection or an attitude of mind resulting from the facts learned by the judge from the judge's participation in the case is not a disqualifying factor." *Id.* Rather, "[o]nly personal bias or prejudice stemming from an extrajudicial source constitutes a disqualifying factor." *Id.* On appeal, we review the judge's denial of a motion for recusal for an abuse of discretion, which occurs when the judge "acted unreasonably" or based its decision "on untenable grounds," meaning the ground was not supported by substantial evidence or was based on an erroneous application of the law. *See id.*

Upon our review, we discern no abuse. The claimed impropriety arose in the context of judicial proceedings over which the judge presided. That the judge's sentence was reversed does not evidence actual prejudice on the part of the judge. The judge stated she recalled little of the earlier sentencing, and she

followed the parties' plea agreement. We conclude the district court did not abuse its discretion in denying Shanahan's motion for recusal.

**Reasons for and Reasonableness of the Sentence.** The district court is required to state on the record its reasons for imposing a particular sentence. *See* Iowa R. Crim. P. 2.23(3)(d). This practice "ensures defendants are well aware of the consequences of their criminal actions" and "'affords our appellate courts the opportunity to review the discretion of the sentencing court.'" *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (citation omitted). Yet, the court's reasons need not be lengthy; "a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted). "When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

On appeal, Shanahan asserts the court's reasons for imposing the maximum sentence were "very broad" and "not particular" to him. He notes the probation office reviewed the case and recommended his sentence be mostly suspended, "arriv[ing] at a completely different conclusion" than the district court. However, this does not evidence an abuse of discretion by the district court. Shanahan also asserts that, under the circumstances of the case, a five-year indeterminate prison sentence was unreasonable. On appellate review of the district court's sentence, "we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Id.* It is

possible that, when considering the relevant factors and goals of sentencing in a particular case, two minds may reach two different sentencing conclusions. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). "Yet, this does not mean the choice of one particular sentencing option over another constitutes error. Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process." *Id.* "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.*

In reviewing the reasons stated by the court for imposing the sentence, we cannot conclude the court's sentence was unreasonable or based upon untenable grounds. It is clear that the district court in this case would have been justified in granting Shanahan probation. However, it is equally clear under our standard of review that the district court was justified in imposing incarceration. There is no question Shanahan committed a very serious criminal offense, and he agreed to incarceration in exchange for the dismissal of five other cases against him. Based on these factors and others stated by the district court, the sentence imposed by the district court cannot be considered unreasonable. The sentence imposed conforms to the goals of the sentencing process and was not based on reasons that were untenable. We therefore discern no abuse of discretion in the court's sentence.

For all of these reasons, we affirm the judgment and sentence of the district court.

**AFFIRMED.**

Potterfield, P.J., concurs; Tabor, J., concurs specially.

**TABOR, Judge.** (concurring specially)

I agree with the outcome reached by the majority opinion. I write separately to acknowledge that when our supreme court found the district court considered an impermissible sentencing factor in *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014), its remedy was to vacate the defendant's sentence and remand for resentencing before a different judge "to protect the integrity of our judicial system from the appearance of impropriety." Because this court's remand inadvertently omitted that directive here, I agree the district court's denial of Shanahan's recusal motion was not an abuse of discretion. *See State v. Shanahan*, No. 15-0936, 2016 WL 1703342, at *1 (Iowa Ct. App. Apr. 27, 2016).